12-3771
Zheng v. Holder

BIA
Videla, IJ
A088 379 648

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand fourteen.

PRESENT:
>
> RICHARD C. WESLEY,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

GUI YUE ZHENG,
> *Petitioner*,

v.                                                        12-3771
                                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Oleh R. Tustaniwsky, Brooklyn, N.Y.

FOR RESPONDENT:    Stuart F. Delery, Assistant Attorney General; Emily Anne Radford, Assistant Director; James A. Hunolt, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gui Yue Zheng, a native and citizen of China, seeks review of an August 30, 2012, decision of the BIA affirming an April 27, 2010, decision of Immigration Judge ("IJ") Gabriel C. Videla, denying Zheng's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Gui Yue Zheng*, No. A088 379 648 (B.I.A. Aug. 30, 2012), *aff'g* No. A088 379 648 (Immig. Ct. N.Y. City Apr. 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

Zheng has failed to identify any error in the agency's denial of relief based on a lack of corroboration. The agency may require corroboration despite otherwise credible testimony. *See Liu v. Holder*, 575 F.3d 193, 198, 198 n.5 (2d Cir. 2009). Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the IJ must: (1) identify the specific pieces of missing, relevant documentation and explain why it was reasonably available; (2) provide the petitioner an opportunity to explain the omission; and (3) assess any explanation given. *See id.* at 198; *see also* 8 U.S.C. § 1158(b)(1)(B)(ii).

The agency reasonably required Zheng to provide medical evidence that she had been sterilized, as this evidence was available to her, given her testimony that she arrived in the United States four years before the merits hearing. In her brief, Zheng contends that she did not have the opportunity to obtain corroborating evidence, but she does not address the IJ's conclusion that she had ample time before the hearing to obtain medical evidence of sterilization - the central component of her claim for relief - nor does she contend that this evidence was not reasonably available. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 568 (2d Cir. 2006).

Zheng also argues that she was not given the opportunity to explain the deficiencies in her evidence, but, at the outset of the merits hearing, her counsel admitted that he did not know the meaning of the medical term used in the radiologist's report, and the IJ advised Zheng that the report did not demonstrate that she had been sterilized. She was then questioned extensively about the report during the hearing. Despite this, she did not provide any explanation, much less a compelling explanation, for her failure to obtain proof of sterilization. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Nor did she subsequently provide an explanation on appeal to the BIA. *See Liu*, 575 F.3d at 199.

Zheng does not challenge the IJ's finding that a sterilization certificate was inadmissable, or explain why she was unable to obtain admissible evidence of sterilization from China. Further, the agency reasonably accorded a household registration little weight because it was inconsistent with Zheng's testimony, and the agency was not compelled to credit her varying explanations for why the registration indicated that she was residing in China after the date she had left for the United States. *See Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

4

Finally, Zheng's failure to address the IJ's finding that she could have provided a corroborating statement from her husband provides additional support for the agency's determination that she did not meet her burden of proof. *Cf. Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

Zheng's challenge to the denial of CAT relief is both unexhausted, as it was not raised before the BIA, and without merit as she failed to establish that she was sterilized. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006); *Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5